For Plaintiff: Daniel H. Morrissey.

For Defendant: Swan, Keeney & Smith.

Samuel Fudin  
vs.                    No.58856  
Benjamin Kane et al.  

December 11, 1925

WALSH, J.    Heard on defendant's motion for a new trial after verdict for plaintiff in the sum of $8504.44.

The action was one of deceit. The claim of the plaintiff was that he was induced by defendant to purchase certain real estate at Oakland Beach, R. I., upon which were situated a theatre, bowling alley, lodging house, restaurant and ice cream saloon, for the sum of $25,000, through three false representations made to him by defendant, viz: (1) that the annual rental from said concessions or privilege amounted to $5800; (2) that insurance upon the buildings in the amount of $25,000 could be procured at a cost of about $250 per year, and (3) that above all the expenses upon the property, plaintiff would actually earn a substantial profit.

The evidence fairly shows that the gross amount of rentals received from the concessions in the year previous to the sale to plaintiff was $2900 and that the insurance premium on the class of property sold was $50 per thousand per year at that time.

Sifting out the unessentials, the story of the case resolves itself into this statement of facts. Plaintiff had been engaged in the real estate business in Lowell, Mass., for seven or eight years prior to July 1, 1922. Reswick, acting as a broker, interested the plaintiff in this proposition. The real estate was held at the time in the name of Strand Amusement Company, a corporation in which defendant and four others were the sole stockholders. The five men acted as directors of the corporation as well. Reswick brought plaintiff and Kane together and an agreement in writing was signed by the plaintiff and Kane on July 1, 1922, which agreement was later    superseded by one signed by

plaintiff and the corporation. The plaintiff visited Oakland Beach some time in July, 1922. The concessions were open and doing business and he met the tenants or lessees. He took the property over on August 1, 1922, by paying $5000 in cash, assuming a balance due on a first mortgage amounting to $8000, and executing and delivering a second mortgage on the premises in the sum of $12000 to the corporation. On August 1, 1922, in accordance with the binder or original agreement between the parties, an adjustment of the rents, taxes, interest, etc., took place in the office of Maurice Robinson, attorney for the Strand Amusement Company. At this adjustment, plaintiff and his attorney, Mr. Silverblatt, of Lowell, were present. Both Robinson and Silverblatt made memoranda of the figures finally arrived at. These figures agree in almost every detail and in our opinion these memoranda are the most important evidence in the case. They are entitled to great weight, because they were made for the purpose of adjusting these rents which plaintiff claims were misrepresented to him; they were made at the time of the actual sale of the property to the plaintiff; they were made without any view to subsequent litigation; they are the result of the deliberations of both parties, both having the advice and assistance of attorneys, and they were apparently satisfactory to both parties at the time they were made.

The defendant contended that the total rent, exclusive of the theatre, was $1700 per annum; that the rents were to be apportioned fifty-fifty. Both memoranda show $850 as the starting point. An allowance of $22.99 for adjustment on taxes next appears on both, making a total allowance to the plaintiff of $872.99. Both memoranda then charge the plaintiff with $175 interest on first mortgage, $420 interest on second mortgage, a total charge against plaintiff of $595. Both memoranda show a balance due plaintiff of $277.99 which was paid to plaintiff by a check of Maurice Robinson on the date of the adjustment. This check appears in evidence and bears the indorsement of the plaintiff and of his attorney, Silverblatt. On the rent of the theatre, defendant claimed it was $1200 per season, payable in three instalments of $400 each. It appeared in evidence that one payment of $400 had been received, the second payment of $400 was tendered in the form of a check which was protested and returned to defendant, and which was turned over to plaintiff on the day of sale with the documents showing its non-payment and protest annexed to it. The third instalment was due. The defendant claimed that this protested check was delivered to plaintiff upon the understanding that if plaintiff succeeded in collecting it, he was to return $200 to defendant. The third payment was to be collected by plaintiff and was to be kept by him. The defendant contended that this proposition also was on a fifty-fifty basis.

The plaintiff contended that the apportionment of rents, etc., was on the basis of 1-3 to plaintiff and 2-3 to the corporation. Assuming this to be the truth, we cannot reconcile it with the figures contained in the memoranda above set forth. If the plaintiff was to keep both checks for theatre rent totaling $800 and if we add to that the sum of $850 allowed to him by the memoranda for the rent of the other concessions, a total allowance of $1650 would result; if this represents one-third of the rentals, the total rents would amount to $4950, $850 less than the amount of rents ($5800) plaintiff claims as a false representation made to him by the defendant. Conversely, taking the plaintiff's story that the total rents were represented as $5800 and his allowance thereon was

one-third, he would be entitled to $1933.33; deducting the charges against him as appears on the memoranda of $595, we have a balance due him on the adjustment of $1338.33 or $1060.34 more than the Robinson check of $277.99 which was paid to him on the day of adjustment, August 1, 1922. By any other method than on the basis of an equal division of the rents, it is impossible to arrive at a solution that will correspond with the figures on the memoranda. The defendant's story as to the adjustment agrees with the figures of the memoranda to the cent. The plaintiff's story on this point is vague, uncertain and ambiguous. He has failed to propose a satisfactory explanation of the memoranda if their meaning is not what defendant contends.

The plaintiff in his appearance and testimony was either a consummate actor or a densely ignorant man. He was in the real estate business for seven or eight years before this transaction and admitted on cross-examination that he was familiar with the manner of adjusting rent, taxes, etc., in real estate transactions. When he visited Oakland Beach before the purchase of this property and while the concessions were open and doing business and the tenants were available, it is unreasonable and improbable that he did not inquire from them the amount of rent they were paying, especially when we consider that this was a $25,000 proposition. I cannot believe that he did not know the amount of the rents until about nine months after he bought the property. He had the check for $400 for theatre rent which was unpaid on August 1, 1922, and it is human nature to try and collect such overdue accounts as soon as possible, and in attempting to collect that account from the theatre tenant, it is highly improbable that the amount of the rent for the theatre was not mentioned.

The testimony of the defence is supported by the probabilities as evidenced by experience in business of this kind. The conduct of the plaintiff as testified to by him is most unusual and highly improbable. The strong preponderance of the evidence and the inherent probabilities of the case are with the defendant. An atmosphere of prejudice against the defendant, not based on any evidence, was created during the trial which may have been reflected in the verdict of the jury and in the amount of damages awarded.

Upon all the circumstances, we feel that the ends of justice require that this case be submitted to another jury.

Motion for new trial granted.

For Plaintiff: Wilson, Churchhill & Curtis.

For Defendants: Robinson & Robinson.